**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00458-001-TUC-JCH (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Amy Michele Mason, | |
| Defendant. | |

Before the Court is Defendant's "Motion to Terminate Probation Early as Successful" filed on January 30, 2023. Doc. 35. The Government has filed a response in opposition. Doc. 36. For the reasons stated below, the Court denies the Motion without prejudice.

**I.  Background**

On May 14, 2021, Defendant pleaded guilty to conspiracy to Transport Illegal Aliens for Profit, a Class C Felony offense in violation of 8 U.S.C. §1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). Doc. 23. On July 27, 2021, the Court sentenced Defendant *inter alia* to a thirty-six (36) month term of supervised probation. Doc. 34. In sentencing Defendant, the Court departed downward based on Defendant's personal history and characteristics and her post-offense rehabilitation. *See* Doc. 33.  Defendant has served approximately 1 year and 6 months of her probationary term.

**II.  Legal Standard**

After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a Court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the released defendant and the interest of justice. 18 U.S.C. §

3583(e)(1). The Court has broad discretion in deciding whether to grant early termination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

### III. Analysis

Defendant moves this Court to terminate her term of supervised release early because "[u]pon information and belief, Ms. Mason has been a model probationer." (Doc. 35 at 1.) This is insufficient. Defendant has not offered documentation to show she is compliant with the terms of her supervision, or the specific conditions therein, or documentation to show this request is supported by the assigned probation officer. As such, the Court lacks the necessary details to adequately consider either Defendant's conduct or the interest of justice as required under 18 U.S.C. § 3583(e)(1). More concerning for the Court, defense counsel does not appear to have consulted with Defendant's probation officer to determine whether the officer supports early termination. The probation officer's recommendation will carry significant weight with the Court.

### IV. Order

Accordingly,

**IT IS ORDERED DENYING WITHOUT PREJUDICE** Defendant's Motion to Terminate Probation Early as Successful (Doc. 35).

Dated this 31st day of January, 2023.

_____
Honorable John C. Hinderaker
United States District Judge